UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA EX REL.
HASSAN FOREMAN,

               Plaintiff,

    - against -

AECOM, AECOM GOVERNMENT SERVICES
INC., AC FIRST LLC, AND AECOM/GSS
LTD.,

              Defendants.

16 Civ. 1960 (LLS)

ORDER

      Defendants' motion to seal Exhibit A to its letter response to plaintiff Realtor's letter requesting a discovery dispute conference (Dkt. No. 175) is granted because it contains the personal identifying and financial information of a non-party in this action. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023).

      Defendants' motion to seal the remaining exhibits is denied. Those exhibits are submitted to the Court to aid in the determination of a motion to compel discovery and are therefore "judicial documents" to which a presumption of access attaches. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 121 (2d Cir. 2006). The presumption of access to documents relating to a discovery dispute or a motion to compel is "modest." In re New York City Policing During Summer 2020 Demonstrations, 635 F.

Supp. 3d 247, 256 (S.D.N.Y. 2022). To overcome that modest presumption of access, the Court "must still articulate specific and substantial reasons for sealing such material," though "the reasons usually need not be as compelling as those required to seal summary judgment filings." Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019).

In support of its motion to seal, AECOM states only the exhibits are designated as "confidential" and "highly confidential" because they contain sensitive business information. While the need to protect commercial information may merit sealing, AECOM has not put forth any exhibit-specific justifications to seal the exhibits at issue. The Court is therefore unable to make required findings to justify sealing those documents.[1]

For the same reasons, Realtor's motions to seal (Dkt. Nos. 170 and 181) are denied.

The parties may renew their motions to seal to provide specific and substantial reasons for sealing the requested

---

[1] The Court is aware the parties have entered a protective order requiring that certain documents should be filed under seal. "However, that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document." E.g., Doe v. U.S. Immigr. & Customs Enf't, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021); see Lugosch, 435 F.3d at 126.

materials within thirty days of this order. If no motion is made by that time, the documents will be unsealed.

    So ordered.

Dated:    New York, New York
           April 18, 2024

                                        *Louis L. Stanton*
                                        LOUIS L. STANTON
                                             U.S.D.J.