**BRAGALONE**
**OLEJKO**
**SAAD** PC

Writer's Telephone: 214-785-6671
Writer's Email: jbragalone@bosfirm.com

November 22, 2024

**VIA CM/ECF**

The Honorable Louis L. Stanton
United States District Court for the Southern District of New York
500 Pearl Street, Room 2250
New York, NY 10007

Re:   *United States ex rel. Foreman v. AECOM*, No. 1:16-cv-01960-LLS (S.D.N.Y)

Dear Judge Stanton:

On behalf of Relator Hassan Foreman, I write pursuant to the Court's Individual Practices and Local Rule 37.2 to request a pre-motion conference regarding a pretrial dispute. As the Court knows, a movant cannot make new arguments or introduce new evidence in a reply brief because the non-movant has no opportunity to respond. Yet that is exactly what Defendants have done in Defendants' Memorandum of Law in Further Support of Motion for Summary Judgment (the "Reply"). *See* Dkts. 223–24. Relator respectfully requests one of two alternate forms of relief: that the Court strike the new arguments presented for the first time in Defendants' "Reply," or, alternatively, that the Court grant Relator leave to submit a fulsome response to Defendants' new arguments and newly submitted evidence, such response to include evidence necessary to refute Defendants' new arguments.

[Handwritten annotation: Denied / Louis L. Stanton / 12/2/24]

**Background**

On October 4, 2024, the Court converted Defendants' Rule 12(b)(6) Motion to Dismiss (the "Motion to Dismiss") into a motion for summary judgment to be disposed of as provided in Rule 56. *See* Dkt. 201; *see also* Dkts. 67–68. Importantly, by converting Defendants' Motion to Dismiss, the now-converted summary judgment motion was necessarily limited to the arguments and evidence presented in the Motion to Dismiss. On October 18, 2024, 14 days after service of the Court's order converting the Motion to Dismiss, Relator filed his Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Relator's "Response"), as required by the Court's Local Rules. *See* Dkts. 204–08; S.D.N.Y. Local Civ. R. 6.1(b) (requiring any opposing or response papers to be served within 14 days after service of the moving papers). Defendants, apparently content with the arguments made in the converted Motion to Dismiss, did not seek the Court's permission to file a new or supplemental motion for summary judgment on November 4, 2024, the deadline for such requests under the Court's Revised Scheduling Order. *See* Dkt. 168 at 2; *see also* Individual Practices of Judge Stanton, Rule 2(A) (requiring a pre-motion conference before making any motion). Thus, the November 4 deadline for Defendants to file a new or supplemental Rule 56 motion passed with no such request from Defendants.

Yet in Defendants' "Reply," Defendants present new purported grounds for granting summary judgment that were *not* in the original Motion to Dismiss, and they cite new evidence not found in the Motion to Dismiss. *See* Dkts. 223–24. Counsel for Relator and Defendants met and conferred on November 20, 2024. Defendants oppose the relief sought herein by Relator.

**Defendants' "Reply" Asserts New Grounds for Granting Summary Judgment**

Defendants' Motion to Dismiss asserted three grounds for dismissal of Relator's labor

Bank of America Plaza   901 Main Street, Suite 3800   Dallas, Texas 75202   P 214.785.6670   F 214.785.6680   www.bosfirm.com

The Honorable Louis L. Stanton
November 22, 2024
Page 2



billing allegations: the public disclosure bar, failure to allege materiality, and failure to plead with sufficient particularity under Rule 9(b). *See* Dkt. 68 at 21–24, 27–31, 33–36. Yet Defendants' "Reply" asserts new grounds for summary judgment that appear *nowhere* in Defendants' Motion to Dismiss. *Compare id.*, *with* Dkt. 223 at 27–30, 47–56. "It is well settled that a district court is free to disregard argument raised for the first time in reply papers, especially on a motion for summary judgment." *Kenney v. Clay*, 172 F. Supp. 3d 628, 639 (N.D.N.Y. 2016). But it is wholly improper to assert completely new *grounds* for summary judgment for the first time in a reply.

Defendants assert *at least* three new grounds for summary judgment in the "Reply." First, Defendants argue that the Court should dismiss Relator's claims because he has allegedly failed to articulate a cognizable theory of falsity. *See* Dkt. 223 at 27–30. Second, Defendants assert that Relator has not demonstrated that Defendants' employment of unvetted, unqualified, and uncertified SAMS employees, including foreign nationals, did not violate the terms of the MOSC-A Contract. *See* Dkt 223 at 49–52. Third, Defendants argue that the False Claims Act is unconstitutional. *See* Dkt. 223 at 27 n.19. If Defendants truly believed in the merits of these new alleged bases for summary judgment, they certainly had the opportunity to file the Court's permission to file a new motion for summary judgment on these grounds, prepare a list of undisputed material facts, and give Relator an opportunity to fully brief the issues in response. Instead, Defendants raise them all in their "*reply*." After failing to allege these defenses in their Motion to Dismiss, Defendants cannot now add them in "Reply"; to do so prevents Relator from responding to these arguments. *See Jones v. Goord*, 435 F. Supp. 2d 221, 234 (S.D.N.Y. 2006) ("The party moving for summary judgment bears the initial responsibility of informing the District Court of the basis for its motion").

Defendants knew on October 4, 2024, that the Court had converted their Motion to Dismiss into a motion for summary judgment. *See* Dkt. 201. They likewise knew which grounds for dismissal were raised in their Motion to Dismiss and, importantly, which were not. Had Defendants desired to raise additional grounds for summary judgment, Defendants had the opportunity to do so before November 4, 2024. *See* Dkt. 168 at 2. Instead, Defendants decided to lay behind the proverbial log and raise numerous new arguments for the first time in their "Reply." By failing to raise these new grounds in a *motion* for summary judgment, Defendants have forfeited them and cannot raise them for the first time in their Reply. *See* Fed. R. Civ. P. 56; Local Civ. R. 56.1; *Frazier v. FCBC Cmty. Dev. Corp.*, No. 22-CV-5270 (AS), 2024 WL 3666372, at *6 (S.D.N.Y. Aug. 6, 2024) ("Arguments first raised in reply briefs are forfeited."). Moreover, the Court should not grant summary judgment on these new grounds because Relator has not had notice and a reasonable time to respond. *See* Fed. R. Civ. P. 56(f).

### Defendants' "Reply" Submits New Evidence Not Cited in the Motion to Dismiss

Defendants submit 32 new exhibits with the "Reply." *See* Dkt. 224. Defendants cite the new evidence throughout the "Reply" in relation to a broad spectrum of both pre-existing and never-before-seen arguments.[1] *See* Dkt. 223. Again, this is wholly improper for a reply brief. *See*

---

[1] While some exhibits are used for background, Defendants cite many exhibits to support their arguments as follows: (1) Materiality: Exhibits 1, 4-7, 10-11, 16, 18–19, 21, 24, 27, 30, 31; (2) Lack of Certification and Vetting Requirement: Exhibits 12, 13, 23, 25, 26, 27, 28, 29. Exhibit 28 contains SAMS-E certificates produced **after discovery closed**, **after expert reports** were exchanged, and about which Defendants' corporate representative Mr. Simonson **refused**



*Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018) ("Courts in this District have frequently declined to consider evidence first submitted on reply.").

In the Motion to Dismiss, Defendants identified only a single document that allegedly demonstrated the Government's knowledge of Relator's labor billing allegations: a September 2014 DCAA SOCAR. *See* Dkt. 68 at 22–23, 28–29; Dkt. 69-6. But in a tacit concession that the September 2014 DCAA SOCAR does *not* reflect the Government's knowledge of all Relator's allegations, Defendants' "Reply" now points to different documents allegedly showing the Government's knowledge—new documents that were not cited in the Motion to Dismiss.

For the first time, Defendants argue that a bid proposal, that Defendants just submitted into evidence, disclosed foreign nationals operating on a sensitive government logistics system. *See* Dkt. 223 at 53 (citing Dkt. 224-21). Defendants—again for the first time—assert the Government was aware of AECOM's non-compliance with training requirements because of a newly-introduced Corrective Action Request. *See id.* at 54 (citing Dkt. 224-24). Because Defendants did not cite to these documents in the Motion to Dismiss, Relator obviously has not had a full and fair opportunity to respond through argument and the submission of rebuttal evidence.

Hoping that Relator would not get to respond to their "Reply," Defendants even misleadingly claim that certain "facts" are undisputed. *See, e.g.*, Dkt. 223 at 54 ("It is also undisputed that the DCMA reviewed Defendants' compliance with the provisions in the contract"). Yet Defendants *never* submitted a statement of material facts for Relator to admit or deny. *See* Local Civ. R. 56.1(a). Because the Court converted the Motion to Dismiss, Relator's Response addressed *only* the evidence and arguments in the Motion to Dismiss; Defendants' inclusion of 32 new exhibits and unilaterally claim that certain facts are "undisputed" in their Reply is a blatant attempt to circumvent the procedures of this District and prevent a response from Relator. If, as Defendants claim, they are allowed to introduce new evidence at the reply stage under Rule 12(d), then Relator must also be afforded "a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d).

**<u>Defendants' "Reply" Includes a New and Improper Request for Affirmative Relief</u>**

In what is effectively a new motion to strike, Defendants' "Reply" requests that the Court disregard the expert declarations submitted in support of Relator's response. *See* Dkt. 223 at 56–62. But Defendants never sought permission from the Court to challenge the admissibility of Relator's expert declarations prior to filing the Reply. Before the Court considers this new request for affirmative relief, it should afford Relator an opportunity to respond.

Accordingly, Relator respectfully requests that the Court strike the new grounds for summary judgment asserted in Defendants' "Reply" and grant Relator leave to file a response (with supporting evidence) to rebut Defendants' arguments based on new evidence and Defendants' challenge to Relator's expert declarations. In the alternative, Relator respectfully requests that the Court grant Relator leave to respond to all arguments in the "Reply" along with supporting evidence to show that there are disputed issues of material facts.

---

**to answer questions**. *See* Dkts. 224-28–224-29. Relator has had no opportunity to conduct discovery on the exceedingly late production, much less brief the issues presented by Defendants' withheld discovery in response to a summary judgment motion that raised the new issues. At minimum, the Court should strike these belated certificates from the Reply.

The Honorable Louis L. Stanton
November 22, 2024
Page 4



Sincerely,

Jeffrey R. Bragalone