ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA ex rel.
HASSAN FOREMAN,

         Plaintiff,

- against -

AECOM, AECOM GOVERNMENT SERVICES INC.,
AC FIRST LLC, and AECOM/GSS LTD.,

         Defendants.

16 Civ. 1960 (LLS)

ORDER

Relator Hassan Foreman moves to defer the Court's ruling on summary judgment and allow additional discovery under Federal Rule of Civil Procedure 56(d). For the following reasons, the motion is denied.

The Second Circuit remanded this case to determine whether "the government had actual knowledge of AECOM's alleged labor billing violations and continued to pay AECOM's claims notwithstanding them." United States ex rel. Foreman v. AECOM, 19 F.4th 85, 116 (2d Cir. 2021). The parties then engaged in nearly two years of discovery. (Dkt. No. 168). During an October 31, 2024, conference the Court instructed that any additional discovery requests must be submitted as Rule 56(d) affidavits focused on the narrow issue on remand. (Dkt. No. 221).

## LEGAL STANDARD

A party resisting summary judgment under Rule 56(d) must submit an affidavit showing: "(1) [W]hat facts are sought to

resist the motion and how they are to be attained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has been made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999).

The party "must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994)(internal citations and quotations omitted); see also Alphonse Hotel Corp. v. Tran, 828 F.3d 146, 151-52 (2d Cir. 2016)(holding that "bare, generalized assertions cannot justify delaying the resolution of a summary judgment motion"). "A party cannot weaponize Rule 56(d) to fish for evidence in hopes of finding out whether it has a claim." All Am. Tel. Co., Inc. v. AT & T Corp., 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018).

**ANALYSIS**

Foreman seeks discovery beyond the narrow issue on remand. This contradicts the Court's explicit instruction to submit a Rule 56(d) affidavit establishing the government's actual knowledge of the alleged fraud. Foreman instead filed a sprawling 45-page opening brief with over 1,400 pages of

exhibits. He wants four categories of additional discovery: "(a) [W]hether AECOM violated the Contract's vetting requirements for foreign nationals working as SAMS personnel, (b) whether AECOM violated the Contract's certification requirements for SAMS personnel, (c) whether AECOM billed the government for unauthorized time, and (d) whether the government had actual knowledge of AECOM's violations of the Contract." (Dkt. No. 231 at 1). Only category (d) is relevant to the issue on remand: whether "the government had actual knowledge of AECOM's alleged labor billing violations." Foreman, 19 F.4th at 116. Categories (a)-(c) are not germane to the government's actual knowledge. Those categories do not address the topic of what the government knew about the alleged misconduct. See Paddington Partners, 34 F.3d at 1138 ("Litigants seeking relief under the rule must show that the material sought is germane to the defense[.]").

Foreman further seeks ten sub-categories of additional discovery, labeled as "requests." (Dkt. No. 231 at 23-25). By Foreman's own admission, only one of those requests is about the government's actual knowledge. It is for:

> 10. Information that AECOM disclosed to and/or withheld from the government concerning reports or instances of suspected and actual noncompliance with labor requirements of the Contract, including any disclosures related to reports that (a) foreign nationals using SAMS lacked the required background investigation, written compelling-reason justification, and approvals required by the Contract, (b) SAMS Operators were not "bonafide SAMS-1

>    Operator[s]," (c) SAMS users did not have the
>    certificates required by the Contract, and (d) persons
>    working on the Contract were recording personal or
>    leisure time (e.g., time spent sleeping, eating, at
>    the gym, MWR, Post Exchange, etc.) on their
>    timesheets, and AECOM's billing the government for the
>    same.

(Dkt. No. 231 at 25).

This request does not identify specific evidence necessary and available to create a genuine issue of material fact. While it lists what he is searching for, it goes no further than naming the subject matter. The rest is left to a renewed general search for evidence that has not been uncovered in nearly two years of discovery. See Contemp. Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 (2d Cir. 1981) ("And it is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover."). Foreman's paragraph of "bare, generalized assertions cannot justify delaying the resolution of a summary judgment motion." Alphonse Hotel Corp, 828 F.3d at 151-52.

Foreman asserts he is entitled to additional discovery because "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded an opportunity to conduct discovery." (Dkt. No. 231 at 23). Foreman has had nearly two years to conduct discovery. Under Rule 56(d), enough is enough.

Relator's 56(d) motion is denied.

So ordered.

Dated:   New York, New York
         February 11, 2025

                                          _____
                                          LOUIS L. STANTON
                                                    U.S.D.J.