ORIGINAL



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA ex rel.
HASSAN FOREMAN,

          Plaintiff,

- against -

AECOM; AECOM GOVERNMENT SERVICES, INC.; AC FIRST, LLC; and AECOM/GSS LTD.,

          Defendants.

16 Civ. 1960 (LLS)

ORDER

Relator Hassan Foreman moves for reconsideration of the Court's February 11, 2025, Order denying his Rule 56(d) motion. (Dkt. No. 235).

The limited grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)(internal quotations and citations omitted).

Foreman does not allege any intervening change of law or new evidence. Instead, he argues the Court's Order was "clear error." (Dkt. No. 239). He reiterates arguments made in his Rule 56(d) motion, including that AECOM's Rule 30(b)(6) witness was unprepared, that AECOM allegedly withheld relevant documents as

privileged, and that AECOM produced SAMS certificates after the close of fact discovery. See (Dkt. No. 237).

Motions for reconsideration "should not be made reflexively in order to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" Gibson v. Comm'r of Mental Health, No. 04CIV4350, 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009) (internal citations omitted). And, a motion for reconsideration may not "repeat 'arguments already briefed, considered and decided.'" In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122, 132 (2d Cir. 2016).

The Motion for Reconsideration (Dkt. No. 236) is denied.

So ordered.

Dated:   New York, New York
         March 25, 2025

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                    U.S.D.J.